UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| OUSMANE WILANE,<br><br>Petitioner,<br><br>v.<br><br>BRUCE SCOTT et al.,<br><br>Respondents. | CASE NO. 2:26-cv-04441-JNW<br><br>ORDER DENYING PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER |

This matter comes before the Court on Petitioner Ousmane Wilane's ex parte motion for a temporary restraining order (TRO). Dkt. No. 2. For the reasons below, the motion is DENIED without prejudice.

Wilane is a citizen of Senegal. Dkt. No. 1 ¶ 1. He entered the United States on January 3, 2023, and was detained at the border for several days, then released and placed in removal proceedings where he applied for asylum. *Id.* ¶¶ 4–5. On September 5, 2025, he was issued a removal order. *Id.* ¶ 8. Despite being present at the hearing, Wilane did not know he received such an order due to the language barrier and because his attorney did not inform him. *Id.* Wilane continued living in Seattle, Washington and lawfully working. *Id.* ¶ 11. On November 7, 2026,

Immigration and Customs Enforcement (ICE) officers detained him without advance notice or a hearing. *Id.* ¶¶ 12, 14. Wilane is currently detained at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. *Id.* ¶ 16.

Wilane petitioned for a writ of habeas corpus, contending he was denied due process when he was detained without notice. *Id.* He also moved for a TRO directing Respondents to immediately release him from custody and barring them from re-detaining him "without prior approval from this Court." Dkt. No. 2 at 7.

The relief Wilane seeks is coextensive with the ultimate relief sought by his habeas petition and is therefore DENIED. The purpose of a TRO is to preserve the status quo pending full adjudication, not to grant the movant the same relief he would obtain if he prevailed on the merits. *See Aslan v. Wamsley,* No. 2:25-CV-02698-JNW, 2026 WL 84000, at *3 (W.D. Wash. Jan. 12, 2026); *Nguyen v. Scott*, 796 F. Supp. 3d 703, 721–22 (W.D. Wash. 2025); *Chavez v. Murray*, No. 1:25-CV-00198-HBK (HC), 2025 WL 1017678, at *2 (E.D. Cal. Apr. 4, 2025) (denying TRO motion requesting release from detention because this "is precisely the same ultimate relief sought in his underlying [habeas corpus] Petition.").

The Court recognizes that Wilane's habeas petition raises serious questions about whether he was denied due process. He alleges that he was re-detained without written notice or a hearing before a neutral decisionmaker. Courts in this District have repeatedly held that due process requires such procedural protections before the government may re-detain a noncitizen who was previously released. *See Nava v. Hernandez, et al.,* No. 2:26-CV-03108-JNW, 2026 WL 2884140, at *5 (W.D. Wash. Sept. 25, 2026) (listing cases). But the appropriate vehicle for resolving

Wilane's due process claim is his habeas petition, which will be fully briefed by December 14, 2026. The Court will resolve it then.

Accordingly, Wilane's ex parte motion for a temporary restraining order, Dkt. No. 2, is DENIED WITHOUT PREJUDICE.

Dated this 16th day of November, 2026.

Jamal N. Whitehead
United States District Judge